MARK D. MOULTON *vs.* JAMES M. PARKER & another.

On the trial of an action to recover the price of two gold-washing machines alleged to have been manufactured by the plaintiff for the defendant, no express contract between the parties was proved; but the plaintiff relied on various acts of the defendant, and on the fact that the plaintiff examined and measured a pattern machine at the defendant's store; and it was in evidence that the machines made by the plaintiff were taken from his store under the directions of S. *Held,* that the defendant might introduce evidence that the pattern machine at his store was the property of S.; and that S. had made a contract with the defendants to furnish them with a lot of gold-washing machines, of a pattern which he had got up, to be sold by the defendant on commission; and had deposited said pattern machine in the defendant's store, in pursuance of this agreement, as a pattern by which the defendant should sell.

ASSUMPSIT for two gold-washing machines. Trial in the court of common pleas, before *Perkins,* J. whose rulings were excepted to by the defendants, and are stated in the opinion.

*H. E. Smith,* for the defendants.

*H. G. Hutchins,* for the plaintiff.

DEWEY, J. The plaintiff seeks in this action to recover of the defendants for the manufacturing of two machines, called gold-washing machines. The question at issue between the parties was as to the person on whose account and credit these machines were constructed by the plaintiff. There was no express contract for the same proved, but the plaintiff relied

upon various acts of the parties in reference to the machines, and among other things, upon the fact that the plaintiff was at the defendants' store at different times, and there examined and measured for imitation a pattern machine. It appeared in evidence that these machines were taken from the plaintiff's shop, but by whom or by whose order was not shown by the evidence of the plaintiff, but from other evidence it appeared that they were taken from the shop by a teamster, under the direction of one Smith.

In reply to the evidence of the plaintiff, the defendants offered to prove that the machine in their store, which was the pattern machine already spoken of, was the property of said Smith, and was placed in the defendants' store as a pattern machine to sell on commission by. But the evidence was rejected by the court of common pleas as immaterial.

The defendants offered to prove that about this period of time the said Smith made a contract with the defendants to furnish them with a lot of gold-washing machines, of a pattern which he, Smith, had got up, to sell on commission; the retail price to be $40, and the defendants to receive $10 or $12 commission for selling the machines; and that said pattern machine was put in the store of the defendants by said Smith, in pursuance of said agreement, as a pattern machine, and that it was Smith's machine, and that he was to furnish the defendants with more machines of like description. This evidence was also rejected; on the ground that the fact, that Smith had engaged to make machines by this pattern, and owned the pattern, would not tend to prove that the plaintiff did not agree to make machines of the same kind for the defendants.

Had there been proof of any express contract on the part of the defendants with the plaintiff for the construction of these machines, the proposed evidence would have been properly excluded, and for the reason assigned for its exclusion. But the defendants were to be charged solely upon a promise on their part to pay for these machines, to be raised by the proof of certain circumstances, which, unexplained, might properly lead to that result. The defendants sought to explain and remove

this *prima facie* case, or proof from attendant circumstances authorizing the raising of a promise, or inferring of a contract, by the introduction on their part of evidence of the character above stated, and which was rejected.

In the position of the case, and in the absence of proof of an express contract, in the opinion of this court, it was open to the defendants to rebut the testimony of the plaintiff, by proving other facts and circumstances tending to show that these machines were made for another person, and on his credit; and that the defendants were merely interested as commission merchants to make sale of such gold-washing machines as such third person should send to their store to sell; and upon the whole evidence the jury must find upon whose credit or on whose account the plaintiff made the machines.        *Exceptions sustained*